J. C. TERRELL, Assignee *vs.* J. D. WALKER *et al.*

1. Where the defendants in an action of debt upon a promissory note, given in 1862, proposed to prove that the consideration of the note was Confederate money, and that fact was admitted by the plaintiff in the action; *held*, that such evidence was immaterial.

2. Under the ordinance of 1865, and the Act of 1866–'67, a party to an action has a right to show that the consideration of the note sued on, was property, and the value of the property; and when money was borrowed, to rebut the presumption of the law, by proving that it was not to be paid in *Confederate currency*, but in some other money or article.

3. Evidence can not be introduced to contradict or vary a written contract, except in the cases authorized by the Acts of 1866–67. The general rule of evidence in reference to such contracts being still in force with the exceptions stated.

4. In an action which was commenced before the C. C. P., a defendant cannot claim by way of set-off or *recoupement*, unliquidated damages arising out of an executory contract.

Cases of *Teague* v. *Janies*, 63 *N. C. R.*, 91, *Valentine* v. *Holleman*, *ibid.* 175, *Lindsay* v. *King*, 1 *Ire.* 401, *Erwin* v. *W. N. C. R. R*, 65 *N. C.*, 79, *Robeson* v. *Brown*, 63 *N. C.*, 554, *Smitherman* v. *Smith*, 3 *D and B.* 89, *Terrell*, assignee, v. *Walker*, 65 *N. C.*, 91 cited and commented on.

The following is the statement made out by the presiding Judge. Case tried at Person Court, Fall Term 1871.

This was an action of debt, tried before Tourgee, Judge, upon a promissory note, made by the defendant Walker, to the defendant Wade, July 24th, 1862, and assigned to the plaintiff by the defendant Wade in 1867.

The defendant pleaded, "General issue." "Payment and set off," "Tender and refusal," and "Statutes scaling debts, solvable in Confederate currency." The plaintiff proved the execution and assignment of the note sued on, and admitted that the same was solvable in Confederate currency, and asked judgment only according to the scale.

J. C. Terrell v. J. D. Walker.

The defendants offered evidence tending to show that the note was given for money, previously borrowed by the defendant Wade, of the plaintiff, for which they had given him a note, which was surrendered to them upon the assignment to him of the note now sued on. The defendants also proposed to prove the contract or understanding between the defendant Wade and the plaintiff at the time of their borrowing the money; that the same might be repaid in Confederate money, and at the option of the borrower; that the plaintiff had knowledge of the transaction between Wade and Walker, in pursuance of which this note was given, and that the same was in effect, a transaction between the Walkers and the plaintiff, and upon the terms, as the loan made to the defendant Wade by plaintiff.

The plaintiff objected, that in this form of action, this testimony could only be received to show that the note was solvable in Confederate currency, which being already admitted, it was irrevelant and inadmissible. The defendants claimed that the evidence, if true, would defeat the plaintiff's right to recover.

The Court held with the plaintiff and the defendants excepted.

The defendants proposed to prove a tender. Plaintiff objected unless the money was produced in Court. Objection overruled and plaintiff excepted.

Under the instructions of the Court, the jury found for the plaintiff according to the scale of Confederate currency, with interest to the time of tender established, March 15th, 1863, and judgment was entered accordingly.

*Fowle* for plaintiff.
*Graham* for defendants.

Rodman, J. This action was brought on a note in the following form :

$3000.50.

Borrowed of R. A. & W. H. Wade, thirty hundred dollars and fifty cents, which we promise to pay, with interest from the 10th inst.,

This, the 23d July, 1862.

(Signed,)          J. D. & A. WALKER & CO.

It was endorsed to the plaintiff in 1867.

The defendants offered evidence tending to show, that the note was given for money previously borrowed by the Wades of the plaintiff, for which they had given him a note, which was surrendered to them upon the assignment to him of the note now sued on.

The defendants also proposed to prove that the contract or understanding between the defendants Wade, and the plaintiff, at the time of their borrowing the money, was, that the same might be paid in Confederate money *at the borrower's option*; that the plaintiff had knowledge of the transaction between the Wades and Walkers, in pursuance of which this note was given, and that the same was in effect a transaction between the Walkers and the plaintiff, and upon the same terms as the loan made to the defendant Wade by the plaintiff.

The plaintiff objected that in this form of action this testimony could only be received to show that the note was solvaable in Confederate money, which being already admitted, it was irrelevant and inadmissable.   The evidence was excluded by the Judge to which the defendant excepted.

There was a verdict for the plaintiff and judgment according to the scale for Confederate money applied at the date of the note, (as we suppose, it not being distinctly stated,) with interest up to a tender made 15th March, 1863."

The case as now presented differs materially in several respects from the case made in the same action when it was before this Court in January, 1871. (65 N. C. 91.) In the case as it then was, there did not appear any allegation by the defendants

that *at the time they borrowed* the money there was an agreement between the parties, that defendants might pay the note in Confederate money at any time thereafter, at their option. Now, the defendants offer to prove that. In the case then before us, facts were stated which the Court held amounted to a waiver of the tender in March. Now, the jury find there was a valid tender in March.

The evidence that affected the present plaintiff, with all the equities that existed against Wade, and evidence that the consideration of the note was Confederate money, was received on the former trial; now, these are excluded, and we are called on to say, whether the evidence tendered by the defendant, was wholly immaterial and irrelevant, or otherwise inadmissible. The excluded evidence may be divided into three sorts, each requiring a different line of consideration.

1. The evidence to put the plaintiff in the place of Wade, and to show that the defendants were entitled, as against the plaintiff, to all the defences which were available to them as against Wade.

As to this we concur with the Judge below, that no evidence to that effect was necessary or material, considering what appeared in the plaintiff's declaration, that the note was endorsed to him long after it was due, and considering also that the identity of Wade and the plaintiff, for the purposes of the action was not disputed, and that the defendants were not attempted to be restricted in their defence by any difference between them. What is expressly admitted, as fully as it is alleged, it is surely unnecessary and immaterial to prove.

2. Evidence that the consideration of the note, was a loan in Confederate money. This also was expressly admitted. We propose to make some remarks on the effect of the various Acts concerning Confederate money contracts, but they will come in better, hereafter.

3. We regret that the learned counsel for the defendants did not state with his usual clearness, or at least, we failed clearly

to comprehend in what way, and upon what principle of law he contended, that proof of the alleged agreement co-temporary with the borrowing of the money, even when coupled with the tender and refusal in March, or afterwards, could have the effect either to defeat or reduce the plaintiff's claim. We may without impropriety suppose him to contend that it would have that effect in one of three ways.

1. That the tender had the effect to vest in the plaintiff a property in the notes tendered.

That view was so fully considered when the case was before us in 1871, that we think it necessary only to refer to what was then said, simply adding that both the Courts and the Legislature have always treated contracts, payable in Confederate notes, as payable in money, and not as contracts for the delivery of specific articles.

2. That the refusal to receive Confederate notes when tendered, was in breach of a binding though parol contract to that effect, and entitled the defendant to damages, which might be set off or recouped; or else, entitled him to have the legislative scale applied at some later period than the date of the note.

It is unnecessary or premature to consider what might be the effect of the alleged agreement, if it had been incorporated in the note, or even if it had been in writing. A preliminary question is, was parol evidence admissible to prove it, and this question must be considered, both upon general principles, and as affected by the statutes of 1865–'66 and 1866–'67,

*Upon general principles.* without referring to text books for the general principle, that a written contract cannot be varied by parol, the case of *Smitherman* v. *Smith*, 3 *D. & B.* 89, may be cited as illustrating it under facts something like the present. There the plaintiff sued the defendant as endorser of a note. Defendant pleaded accord and satisfaction, and proved that at the time of the endorsement, it was agreed by parol between him and the plaintiff, that he should convey a certain

piece of land to the plaintiff in satisfaction of the endorsement, and that he had so conveyed, and that plaintiff had accepted the deed. The question was upon the admissibility of the evidence. Judge Daniel delivered the opinion of the Court, and said in substance, that if the evidence had been given to vary the written contract of endorsement, it would have been incompetent; but as its purpose and effect was merely to show that plaintiff had accepted the deed in satisfaction, it was competent. The case is like the present, except that the fact which made the evidence competent there, is wanting here.

The Judge certainly erred in holding this part of the proposed evidence immaterial. If allowed, it would have materially altered the written contract, in this, that while the note professed on its face to be payable immediately, the alleged contract made it payable at any indefinite time, at the option of the maker. If affected by such a contract, when could a holder sue on it without being defeated? We think the evidence was inadmissible on the general principle.

As affected by the ordinance of 1865, and the Acts of 1866 and 1866–'67.

The ordinance enacts, that all executory contracts solvable in money, made between certain dates, shall be deemed to have been made with the understanding that they were solvable in money of the value of Confederate currency, according to a scale which the Legislature was required to furnish, *subject to evidence of a different intent of the parties to the contract.* The first section of the Act of 1866, ch. 38, is loose and ungrammatical, but it must be understood to enact, that as to contracts of the sort above mentioned, proof might be admitted of the consideration, and the jury should determine its value in the present currency. These acts, in connection with that of 1666–'67, ch. 64, p. 62, being *in pari materia* have been construed together, and the interpretation which this Court has put upon them, and the extent to which in our opinion, parol evidence may be admitted to vary the written con-

tract, is found in *Robeson* v. *Brown*, 63 *N. C.*, 554. These acts do allow parol evidence to vary the written contract:

1. When the consideration of the promise to pay money was a sale of property, to show the value of the property, thereby in that case, varying the contract as to the amount to be paid.

2. When the consideration was either a sale of property or a loan of money, to show that payment was agreed to be made not in Confederate money, as was presumed, but in some other money or article. But whenever it appears that the agreement accorded with the presumption, and payment of a loan of Confederate money was to be made in that money, the Act of 1866–'67, ch. 64, p. 62, imperatively applies the scale at the date of the contract. It may be that it would have been more in accordance with the intention to have applied the scale when the money became payable, but the law is otherwise. *Erwin* v. *W. N. C. R. R.*, 65 *N. C.*, 79, differs from this case. There the whole contract was in parol, and the money was to be paid in advance, or whenever the *creditor* would call for it. The plaintiff, in that case, was seeking to take advantage of his own neglect. We do not think that in any case, parol evidence has been received to prove that a note was payable at a time different from that expressed on its face, or that the scale was to be applied at a time different from that fixed by the Act of 1866–'67. We think these acts do not take the evidence out of the general rule.

The only way in which it may be supposed available without varying the written contract, is as a set off. We are not called on to, and do not express any opinion, as to whether defendants could maintain a distinct action on the alleged agreement, either on legal or equitable grounds. The question before us, is, whether damage for the breach of it can be ascertained and set off in the present action. And it must be remembered, that the present action is not governed by the Code of Civil Procedure, and that section 101 of that act, does not

apply to it. If it did, the question would be different. But the present action is governed by the old practice, and nothing can be a set off or defence in it, which was not so in an action at law before the Code. (*Teague* v. *James*, 63 *N. C.*, 91. *Valentine* v. *Holloman, Ibid* 475.) With this in mind, we refer to the case of *Lindsay* v. *King*, 1 *Ire.*, 401, as an authority that the agreement here alleged, even if in writing would not have availed the defendants as a set off. There the action was brought on a covenant by defendant to deliver to plaintiff certain specific articles. The defendant offered to prove that at the time he executed the covenant sued on, the plaintiff executed a covenant to deliver to him other specific articles, which covenant the plaintiff had broken to his damage, and that the one covenant was the consideration for the other, and claimed to have in some way, the benefit of his claim for damages against the plaintiff, in reduction of the plaintiff's claim for damages against him. Gaston, J., takes up successively every ground upon which it was contended that he could be entitled to such reduction, and decides against them all.

We concur with the Judge below, that a part of the evidence offered was immaterial, and we think that the other part was incompetent.

The exceptions of the defendant are not sustained, and the judgment below is affirmed.

PER CURIAM.                                        Judgment affirmed.